Stanley Des Marais, Appellant *v.* Kennett Consolidated School District, Appellee.

Argued October 5, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS and BLATT.

*Edward Gerard Conroy,* for appellant.

*Robert B. Surrick,* with him *John R. Merrick,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 1, 1978:

Stanley Des Marais (Appellant) appeals an order of the Court of Common Pleas dismissing his action in equity seeking to enjoin Kennett Consolidated School District (District) from proceeding with the proposed construction and renovation of the District's high school.

The complaint in equity was filed on June 1, 1976, alleging violations of the Public School Code of 1949[1] and the act popularly known as the Sunshine Law.[2] On August 24, 1976, the District filed a Petition to Dismiss Complaint or Require the Filing of a Bond. In its petition, the District alleged that, among other things, it was unable to float a bond issue to finance its proposed construction or accept construction bids

---

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-102 et seq.

[2] Act of July 19, 1974, P.L. 486, *as amended,* 65 P.S. §261 et seq.

on the project due to the pending lawsuit and, accordingly, requested the court to order Appellant to post bond. In response, the court scheduled a hearing for September 13, 1976, at which time Appellant was ordered "to show cause why the request of the Petition should not be granted." On September 21, 1976, after hearing, Appellant was ordered to post bond in the sum of $250,000 or suffer dismissal of its action for failure to do so. On October 18, 1976, Appellant's action was dismissed in accordance with the court's prior direction. This appeal resulted.

Appellant contends that the court below lacked authority, in this instance, to require Appellant to post bond. The District, on the other hand, argues that a court in equity has inherent power to require the posting of a bond in a situation such as this. Appellant denies that courts have any such inherent power and instead points to the careful pattern of regulation of this power[3] most of which, it contends, would be superfluous if inherent power were found to exist.

Citing *Bobb v. Muhlenberg Township School District,* 62 Berks L.J. 221 (1970), which our research discloses to be the only reported Commonwealth decision dealing with this question, the District argues in its brief that a bond is appropriate (1) when in effect, the plaintiff receives the benefit of a preliminary injunction, even though not requesting it, (2) when a large financial loss may result to the defendant if it is ultimately determined that the plaintiff has no cause of action or abandons the proceedings, and (3) when there is grave doubt that the plaintiff has an equitable cause of action. Though there may be some logic in the set of criteria outlined by the

___

[3] *See* Pa. R.C.P. No. 1531(b) and Sections 916 and 1008 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10916 and 11008.

District, we find the analogy between the set of circumstances set forth above and those involving the typical *preliminary* injunction unpersuasive.

Without doubt, there is a very significant distinction between the situation in which a court has issued a preliminary injunction and the factual posture of the matter before us for consideration. In the former, it is the court itself which has intervened in the course of events, and has ordered maintenance of the status quo. It is the very authority of the court itself that prevents any further activity on behalf of the restrained party. In the case at hand, it is the mere existence of the controversy which makes prospective purchasers of the District's obligations wary, and which, in turn, makes it more difficult for the District to continue with its proposed construction.

This also points with clarity to the second distinction between this situation and the typical preliminary injunction suit in that, though it may be more expensive to proceed with the District's plans as scheduled, it is *not* impossible for it to proceed.[4] Contrast this with the situation in which a party has been ordered by preliminary injunction to refrain from proceeding and may do so only at the very substantial risk of being held in contempt. Furthermore, the circumstances said to impede the District's ongoing construction plans here, *i.e.*, the existence of a dispute, are not unlike those surrounding any controversy in litigation, where the outcome is in dispute and one party is unavoidably, but necessarily, delayed.

Based upon the foregoing, we conclude that the court below erred in ordering the posting of a bond

---

[4] A witness for the District, an attorney specializing in the practice of municipal law and municipal financing, testified before the court below that, though it might be at a higher rate of interest, the District could have obtained alternate sources of financing for the proposed construction.

and its subsequent dismissal of Appellant's action for failure to post that bond.

Accordingly, we

ORDER

AND Now, this 1st day of March, 1978, having determined that the Court of Common Pleas of Chester County improperly ordered the posting of bond, the order of that court dismissing Appellant's complaint in equity is reversed and this case is remanded to it for further proceedings not inconsistent with this opinion.